## THE DAUNTLESS.

*(District Court, E. D. New York. April 20, 1881.)*

1. JURISDICTION — WRONGFUL ACT OF MASTER — JOINDER OF ACTIONS.

Where a cargo of mineral phosphate was gathered from the island of Fernando de Noronha, and brought to New York in the brig D., and an action was commenced against vessel and cargo, the libel setting forth libellant's ownership of cargo and wrongful taking thereof from the island by the master of this vessel in violation of rights said to be exclusively given to the libellant by the Brazilian government to gather this phosphate, and the cargo had been sold, and the proceeds, by consent of libellant, paid into court to abide the event of this action:

It *seems* that the admiralty has jurisdiction to determine the ownership of the cargo. It *seems*, also, that the vessel would not be liable for the wrongful act of the master in taking the cargo, in the absence of any authority or ratification of his acts by his owners.

Proceedings against a vessel and against her cargo, for causes of action growing out of the same transaction, may be joined.

In Admiralty.

*Dan. Marvin,* for libellant.

*Goodrich, Deady & Platt,* for claimants.

BENEDICT, D. J.  I think that a better justice can be administered in this case by reserving the principal points raised by the exceptions taken to the libel for determination at the final hearing, when the evidence shall be before the court.  At the same time I have no hesitation in saying that I am not able to see how acts of the master of a vessel, such as described in the libel, can create a lien upon the vessel, in the absence of express authority from the owners of the vessel, or a subsequent ratification by them, and no such authority or ratification is averred in the libel.  In regard to the jurisdiction of the court to entertain an action to obtain possession of the cargo, while there is room for doubt, my present opinion is that it can be upheld.

If the case were one of property stolen on shore and subsequently shipped on board a vessel, and the question were as to the right of the rightful owner of the property to reclaim it from the vessel by means of a possessory action in the admiralty, a different case would be presented.  Here, the character and situation of the property—being mineral phosphates gathered from an island in the sea—was such that its shipment on board the vessel, and its subsequent transportation therein to the port of New York, constituted a substantial and necessary part of the transaction.  The intent to ship the property formed part of the intent with which it was gathered on the shore.  It was there gathered for the sole purpose of being at once shipped.  The gathering on the shore and lading on board of the ship were a single and continuous transaction, and the ultimate object sought to be attained by gathering and shipping the property was its transportation by sea to the port of New York.  The consummation of the wrong, if wrong was committed, was upon the sea.  These circumstances would seem to characterize the transaction as a maritime tort, and entitle the owner of the property to reclaim it from the vessel by a possessory action in the admiralty.

In *Steele* v. *Thatch* an action in the admiralty for the abduction of a minor and taking him to sea was upheld by Judge Ware.  Ware's Rep. 85.  See, also, *The Bird of Par-*

*adise,* 5 Wall. 546.*   Furthermore, the cargo concerning the ownership of which the dispute exists has been converted into money, and the money has been paid into the registry by consent of the claimant, and the court, having the money, must of necessity have jurisdiction to determine to whom it belongs.   The determination as to the person entitled to take the money from the registry, will, of necessity, involve the question of the claimant's right to the property which the money represents; and this is the very question sought to be raised by the libel.   I see no objection to the joinder in a single action of the proceeding against the vessel and the proceeding against the cargo, inasmuch as both proceedings arise out of the same transaction, and it is not seen that the right of the parties can be affected by the joinder.

Without, therefore, expressing a final opinion either in regard to the liability of the vessel or the jurisdiction of the court in the matter of the cargo, the order now made will be that the case proceed to a hearing upon pleadings and proofs, with liberty to the claimants at such hearing to raise and reargue either of the questions last above mentioned, in view of the facts as they may appear in evidence.

*See, also, *Tillmore* v. *Moore,* 4 FED. REP. 231.